UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EDWIN ZAVALA, and Similarly Situated Individuals<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN FLOORING CONTRACTORS, INC., a Florida Corporation, TAKA TAKA'S CAFÉ, INC., ) a Florida Corporation, and LUIS MARTINEZ, Individually,<br><br>Defendants. | CASE NO. 6:11-CV-01355-CEH-KRS |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This SETTLEMENT AGREEMENT AND GENERAL RELEASE ("Agreement") is made by and between SOUTHEASTERN FLOORING CONTRACTORS, INC., TAKA TAKA'S CAFE, LLC, and LUIS MARTINEZ (collectively, "Defendants"), and EDWIN ZAVALA ("Plaintiff").

WHEREAS, Plaintiff instituted the above-referenced case against Defendants in the United States District Court for the Middle District of Florida, Orlando Division; and

WHEREAS, Plaintiff was employed by Defendant, Southeastern Flooring Contractors, Inc.; and

WHEREAS, Defendants deny liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendants wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved contingent upon: (1) final payment pursuant to the terms of the settlement agreement and (2) final approval by the Court, as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **GENERAL RELEASE OF CLAIMS.**

   a. This Agreement shall constitute a waiver and release of all claims Plaintiff might have under federal, state or local law (including, but not limited to, actions for wages, compensatory damages, pain, suffering, emotional distress) against Defendants and their related entities [as defined in paragraph 2(c) below)].

   b. Plaintiff shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that he has filed against Defendants and/or their related entities [as defined in paragraph 2(c) below]. Specifically, upon execution of this Agreement, the parties shall file a *Joint Motion for Approval of Settlement and Dismissal with Prejudice* with the Court.

   c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Southeastern Flooring Contractors, Inc., Taka Taka's Cafe, LLC, And Luis Martinez together with their parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys, both individually and in their

capacities as directors, officers, shareholders, members, employees, agents, insurers or attorneys, and Luis Martinez, individually and in his capacity as an owner of Southeastern Flooring Contractors (collectively, "Releasees"), of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with Plaintiff's employment with Defendant, Southeastern Flooring Contractors, Inc. Such claims include, but are not limited to, any claim that has been, could have been or could be alleged under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. § 448.101, et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. § 112.3187, et seq.;
- Florida's Statutory Provision Regarding Retaliation /Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;

- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and § 760.50;
- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;
- Florida OSHA - Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants or any other Releasee is a party.

3. **CONSIDERATION**.

a. If (1) Plaintiff delivers to Defendants' counsel an executed original of this Agreement and W-9 forms executed by Plaintiff and Plaintiff's counsel; (2) the revocation period described in paragraph 7 below expires and Plaintiff does not revoke his acceptance of this Agreement; and (3) the Court approves this settlement and enters an order dismissing the above referenced case with prejudice, then, in consideration of the matters set forth herein, Defendants shall pay to Plaintiff the total sum of Three Thousand, Four Hundred and Eighty Dollars and Zero Cents ($3,480.00) (hereinafter

"Settlement Sum"), less applicable deductions as described below. Such Settlement Sum shall be allocated as follows:

- $500.00, made payable to Edwin Zavala, as and for unpaid wages allegedly due him, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to Edwin Zavala; and

- $500.00, made payable to Edwin Zavala, as and for liquidated damages, compensatory damages allegedly due him, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Edwin Zavala; and

- $480.00, made payable to Edwin Zavala, as and for consideration for the General Release, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to Edwin Zavala; and

- $2,000.00, made payable to Burruezo Law Firm, PLLC as attorney's fees and costs and for which an IRS Form 1099 shall issue to Burruezo Law Firm, PLLC and Edwin Zavala.

The parties agree that the Settlement Sum will be paid in accordance with the following payment schedule:

- $500.00 less withholdings, check made payable to Edwin Zavala by December 20, 2013.

- $500.00 check made payable to Edwin Zavala by December 20, 2013.

- $480.00 check made payable to Edwin Zavala by December 27, 2013.

- $1,000.00 check made payable to Burruezo Law Firm, PLLC by January 3, 2014.

- $1,000.00 check made payable to Burruezo Law Firm, PLLC by January 17, 2014.

In the event the Court has not approved the Settlement by any of the payment deadlines, the checks will be held in trust by Burruezo Law Firm, PLLC until after the Settlement has been approved. Plaintiff understands and acknowledges that he would not receive the payments specified in this paragraph, except for his execution of this Agreement,

including the General Release contained herein, and his fulfillment of the promises contained herein.

  b. Defendants make no representations as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendants and hold them harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of taxes on any amounts paid to Edwin Zavala or his attorney under the terms of this Agreement.

  c. The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, Plaintiff has declared that his claim does not involve any illness, injury, incident, or accident in which medical expenses were incurred.

  4. **RETURN OF PROPERTY**. Plaintiff represents that, as of the date of this Agreement, he has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in his possession belonging to Defendants.

  5. **AFFIRMATIONS AND ACKNOWLEDGMENTS**.

  a. Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees in any forum or form, except this lawsuit, Case No 6:13-cv-1355-orl-CEH-KRS

  b. Plaintiff further affirms that he has reported all hours worked as of the date of this Agreement and has been paid and/or has received all compensation,

wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement.

c. Plaintiff furthermore affirms that he has no known unreported workplace injuries or occupational diseases.

d. Plaintiff also affirms that he has not divulged any proprietary or confidential information of Defendants and will continue to maintain the confidentiality of such information consistent with Defendants' policies, any agreement(s) between Plaintiff and Defendants, and/or governing laws.

e. Plaintiff affirms that he has no knowledge that he has been retaliated against for reporting any allegations of wrongdoing by Defendants or its officers, including any allegations of fraud.

f. Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

g. Plaintiff shall not apply in the future for employment with Defendants because of, among other things, irreconcilable differences with Defendants. This is a negotiated, non-retaliatory settlement term.

6. **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of any liability, unlawful conduct of any kind or

violation by Defendants of the laws identified in this Agreement.

7. **REVOCATION.** Plaintiff acknowledges and agrees that he has been afforded at least twenty-one (21) days to consider the meaning and preclusive effect of this Agreement and is entering into it freely and knowingly. Plaintiff acknowledges and agrees that he may revoke this Settlement Agreement and General Release for a period of seven (7) calendar days from the day he executes this Agreement. Any revocation within this period must be submitted, in writing, to Heather M. Kozlowski, Esquire, Counsel for Defendants, Cole, Scott and Kissane, P.A., 1900 Summit Tower Blvd., Suite 750, Orlando, Florida 32810 and state, "I hereby revoke my acceptance of our Settlement Agreement and General Release." The revocation must be personally delivered to Ms. Kozlowski or her designee, or mailed to Ms. Kozlowski and postmarked within seven (7) calendar days of execution of this Agreement. This Settlement Agreement and General Release shall not become effective or enforceable until the revocation period has expired. If the last day of the revocation period is a Saturday, Sunday, or legal holiday in the state in which Plaintiff was employed at the time of his last day of employment, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

8. **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that he is aware that he is giving up all claims he may have against Releasees. Plaintiff acknowledges that he has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement. In fact, Plaintiff acknowledges that he has consulted with his counsel-of-record, Burrezo Law Firm,

PLLC, prior to executing this Agreement. Plaintiff acknowledges he enters into this Agreement voluntarily.

9. **WAIVER OF JURY TRIAL**. Plaintiff and Defendants hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims arising in connection with the facts underlying Plaintiff's claims and/or this Agreement.

10. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

12. **ENTIRE AGREEMENT**. This Agreement sets forth the entire agreement between Plaintiff and Defendants, and supersedes any other prior oral or written agreements, understandings, representations or warranties between the parties,

except any non-compete, non-disclosure, confidentiality or other restrictive covenant agreements, which remain in full force and effect.

13.   **AMENDMENTS**. This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

PLAINTIFF IS HEREBY ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE AND TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE. PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF ACKNOWLEDGES THAT HE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HIS IN CONNECTION WITH HIS DECISION TO SIGN THIS AGREEMENT, EXCEPT THOSE SET FORTH IN THIS AGREEMENT.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR

REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH "3" ABOVE, EDWIN ZAVALA FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: 12-19- , 2013

_____
EDWIN ZAVALA

STATE OF FLORIDA     )
COUNTY OF Orange    )

SWORN TO AND SUBSCRIBED before me this 19th day of December, 2013 by EDWIN ZAVALA, who is personally known to me or has produced FL Driver License as identification.

_____
Notary Public


CARMEN IRIS NIEVES
Notary Public - State of Florida
My Comm. Expires Oct 2, 2017
Commission # FF 59489

Dated: 12/20, 2013

SOUTHEASTERN FLOORING CONTRACTORS, INC.

By: _____

Print name: Luis Martinez

Its (title): Owner

Dated: 12/20, 2013

TAKA TAKA'S CAFÉ, INC.

By: _____

Print name: Luis Martinez

Its (title): Manager

Dated: 12/20, 2013

LUIS MARTINEZ

_____